**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **SIERRA NEVADA CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 12-375C |
| | ) | |
| v. | ) | **Judge Christine O.C. Miller** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF HAWKER BEECHCRAFT DEFENSE COMPANY, LLC'S
<u>MOTION TO INTERVENE</u>**

Hawker Beechcraft Defense Company, LLC ("HBDC"), by and through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Intervene.  As discussed in detail below, HBDC has a direct and substantial interest in the procurement at issue in this bid protest that is not adequately represented by the existing parties to this litigation.  As such, HBDC is entitled to intervene as of right in accordance with Rule 24(a)(2) of the Rules of the United States Court of Federal Claim ("RCFC").  In the alternative, HBDC respectfully requests that this Court allow it to intervene permissively pursuant to RCFC Rule 24(b)(1)(B).  Counsel for the United States and for plaintiff Sierra Nevada Corporation ("SNC") have been notified of this Motion, and the United States does not oppose the Motion.  Counsel for SNC has indicated that he cannot take a position on the Motion until he consults with his client.

## BACKGROUND

This case relates to a bid protest (which has since been dismissed after the Air Force took corrective action) that was filed by HBDC in this Court, *Hawker Beechcraft Defense Company, LLC v. United States*, No. 11-897C (hereinafter the "Hawker Protest").  As is the case with the instant protest filed by SNC, the Hawker Protest concerned Solicitation No. FA8637-10-R-6000 (the "Solicitation"), issued by the United States Air Force to procure Light Air Support aircraft and associated resources for use by "Building Partnership Capacities" air forces and U.S. Government agencies.  HBDC and SNC have been, and remain, the only offerors competing for the $1 billion contract to be awarded under the Solicitation.

The Air Force initially excluded HBDC from the competitive range under the Solicitation on November 1, 2011, and then awarded the contract to SNC on December 22, 2011.  The Hawker Protest challenged the arbitrary and capricious decision by the Air Force to exclude HBDC from the competitive range and requested that the subsequent unlawful award of a contract to SNC be set aside.

HBDC commenced the Hawker Protest on December 27, 2011, by filing a complaint against the United States in this Court.  [No. 11-897C, Dkt. 1].  That protest was assigned to Judge George Miller.  On January 18, 2012, SNC moved to intervene in the Hawker Protest, and the Court granted that motion on January 19, 2012.  [No. 11-897C, Dkts. 25, 26].  Thus, all parties to the present litigation were represented and actively participated in the Hawker Protest.[*]

---

[*] HBDC notes that, pursuant to RCFC Rule 40.2, this action constitutes a "directly related case" to the Hawker Protest because it (a) involves all of the same parties -- namely the United States, SNC, and HBDC, (b) involves similar claims (i.e., whether the award to SNC was proper), and (c) involves the same contract.  As such, SNC was required to file a Notice of Directly Related Case at the time of filing the Complaint in accordance with RCFC Rule 40.2(a)(3)(B)(i).

**Error! Unknown document property name.**

On February 14, 2012, HBDC filed a Motion for Judgment on the Administrative Record that demonstrated that the Air Force (1) conducted an unreasonable and disparate evaluation of HBDC under the Aircraft Technical Requirements subfactor of the Mission Capability Factor, (2) failed to conduct meaningful discussions with HBDC, and (3) failed to identify several significant deficiencies in awardee SNC's proposal.  [No. 11-897C, Dkt. No. 43.]  HBDC's Motion for Judgment on the Administrative Record further demonstrated that these failures led to the improper exclusion of HBDC from the competitive range and the improper award of a contract to SNC.  *Id.*

On February 28, 2012, the United States filed a Notice of Corrective Action in the Hawker Protest, stating that the Air Force intended to set aside the award to SNC, reinstate HBDC to the competitive range under the procurement, accept new proposals from the parties, conduct meaningful discussions with the parties, and reevaluate proposals in accordance with the terms of the Solicitation.  [No. 11-897C, Dkt. No. 49.]  The Notice of Corrective Action also noted that the Air Force reserved the right to conduct a whole new competition.  *Id.*  Subsequently, the Air Force canceled the award to SNC and filed a motion to dismiss the Hawker Protest as moot.  [No. 11-897C, Dkt. No. 52.]  Neither SNC nor HBDC opposed the Air Force's motion to dismiss.  The Court granted the government's motion and dismissed the Hawker Protest without prejudice on May 7, 2012.  [No. 11-897C, Dkt. No. 66.]  The Clerk of Court entered judgment accordingly on May 11, 2012.  [No. 11-897C, Dkt. No. 67.]

The Air Force now is in the process of implementing its corrective action in the procurement. On April 17, 2012, the Air Force conducted separate meetings with representatives of HBDC and SNC to review the corrective action plan.  That same day, the Air Force released a draft Amendment 0008 to the Solicitation and other related materials.  On May 4, 2012, the Air

**Error! Unknown document property name.**

Force issued the final version of Amendment 0008. Since then, the Air Force has issued two additional amendments to the Solicitation -- Amendment 0009 on May 21, 2012, and Amendment 0010 on May 30, 2012.

## ARGUMENT

Rule 24 of the RCFC provides for two mechanisms pursuant to which an affected party may intervene in an action pending before this Court if a request to intervene is brought in a timely fashion: (i) "intervention of right" and (ii) "permissive intervention." RCFC 24. In evaluating motions brought pursuant to RCFC 24 -- and its Federal Rule of Civil Procedure counterpart, Rule 24 -- courts apply a presumption in favor of intervention. *See, e.g.*, *Che Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006); *see also Cherokee Nation of Okla. v. United States*, 69 Fed. Cl. 148, 152 (2005); *see also Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989).

### A. HBDC's Motion Is Timely

HBDC's Motion to Intervene is timely. As this Court recognized in *Wackenhut Services, Inc. v. United States*, 85 Fed. Cl. 273 (2008):

> The United States Court of Appeals for the Federal Circuit requires that the trial court evaluate three factors in determining whether an intervention is timely: (1) the length of time during which the would-be intervenor[s] actually knew or reasonably should have known of [their] right[s]; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor[s] by denying intervention; (3) existence of unusual circumstances militating either for or against a determination that the application is timely.

85 Fed. Cl. at 288 (internal citations omitted). In the above-captioned proceeding, SNC's Complaint was filed on June 12, 2012. [Dkt. No. 1.] Given HBDC's alacrity in filing this Motion within twenty-four hours of SNC's filing of its Complaint, HBDC's intervention and participation in this litigation will cause no delay in the proceedings and no prejudice to the

**Error! Unknown document property name.**

existing parties.  On the other hand, should HBDC not be allowed to intervene, HBDC will be left without the means to protect its interest with regard to the procurement at issue in this litigation.

### B. HBDC Is Entitled To Intervene As Of Right

RCFC 24(a)(2) provides that the Court must permit the intervention of any party that

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2).

Although SNC's Complaint remains under seal and HBDC has not had the opportunity to review that Complaint, HBDC understands from media reports that SNC seeks, *inter alia*, to set aside the corrective action taken by the Air Force with respect to the Solicitation and to compel the Air Force to reinstate the prior contract award to SNC.  If SNC prevails on its claims and the original award is reinstated, HBDC will lose its right to compete for the award.  As such, HBDC will be foreclosed from realizing any profit on its potential future contract, and it will have no ability to recover its losses.  This Court has recognized that the economic interest of a party in the award of a contract is an interest sufficient to establish a party's right to intervene in a bid protest.  *See, e.g.*, *Che Consulting*, 71 Fed. Cl. at 635; *see also Akal Sec., Inc. v. United States*, 87 Fed. Cl. 311, 319 (2009).

The interests of HBDC and the Government in this proceeding are not sufficiently aligned so as to preserve and protect HBDC's interests.  Where, as here, the existing defendant is a governmental entity, there can be no presumption that its representation of a private party will be adequate unless it is charged by law with representing the interests of the intervenor.  *See, e.g.*, *Natural Res. Def. Council v. Envtl. Prot. Agency*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983).  In

the present case, the Air Force is not charged by statute to represent HBDC's interests. As such, if HBDC's Motion to Intervene is denied, its unique interests, including preserving its ability to compete for the contract, will not be adequately represented before this Court. *See, e.g.*, *Che Consulting*, 71 Fed. Cl. at 635. HBDC's substantial interest in the outcome of this litigation will only be preserved if its request to intervene as of right is granted.

### C. In The Alternative, HBDC Should Be Allowed To Permissively Intervene

If, however, the Court finds that HBDC is not entitled to intervene as of right under RCFC Rule 24(a), HBDC requests that the Court nevertheless allow HBDC to permissively intervene pursuant to RCFC Rule 24(b), which provides, in relevant part, that the Court may permit a party to intervene that:

> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

RCFC 24(b).

As the beneficiary of the Air Force's corrective action in the Hawker Protest, HBDC has defenses relevant to the issues apparently raised by SNC in this action as to whether the Air Force's decision to set aside the award and reopen the procurement was reasonable and proper. All defenses brought by HBDC will relate directly to claims by SCN concerning alleged flaws in the Air Force's corrective action decision and, therefore, share with the main action a common question of law or fact as required by RCFC Rule 24(b). As explained above, allowing HBDC to intervene at this time -- immediately after the filing of the Complaint -- will in no way delay the action or cause prejudice to the existing parties but, rather, will serve only to further illuminate the issues and to provide necessary protection of HBDC's interests.

**Error! Unknown document property name.**

## **CONCLUSION**

For the reasons stated herein, HBDC respectfully requests that the Court grant its Motion to Intervene in this action.

                                                         Respectfully submitted,

Dated:  June 13, 2012                      FRIED, FRANK, HARRIS, SHRIVER
                                                               & JACOBSON LLP

| | |
|---|---|
| *Of Counsel*: |     /s/ James J. McCullough |
| Michael J. Anstett | James J. McCullough |
| Karen M. Soares | 801 17th Street, N.W. |
| Aaron Tucker | Washington, D.C.  20006 |
| Brian M. Stanford | Tel:  (202) 639-7000 |
| Fried, Frank, Harris, Shriver | Fax:  (202) 639-7003 |
|   & Jacobson LLP | Email:  James.McCullough@friedfrank.com |
| 801 17th Street, N.W | |
| Washington, D.C.  20006 | *Counsel to Plaintiff* |
| Michael.Anstett@friedfrank.com |    *Hawker Beechcraft Defense Company, LLC* |
| Karen.Soares@friedfrank.com | |
| Aaron.Tucker@friedfrank.com | |
| Brian.Stanford@friedfrank.com | |
| Telephone:  (202) 639 7000 | |
| Facsimile:  (202) 639 7003 | |

7

**Error! Unknown document property name.**