IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

|  |  |  |
|---|---|---|
| **SIERRA NEVADA CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | No. 12-375C |
| v. | ) ) ) | |
| **UNITED STATES,** | ) ) | |
| Defendant, | ) ) ) | |
| and | ) ) | |
| **HAWKER BEECHCRAFT DEFENSE COMPANY, LLC,** | ) ) ) | |
| Defendant-Intervenor. | ) ) | |

**STIPULATED NON-WAIVER AGREEMENT PURSUANT TO
FRE 502 REGARDING ADMINISTRATIVE RECORD**

Pursuant to Federal Rule of Evidence (FRE) 502, this agreement sets forth the understanding by and between plaintiff, Sierra Nevada Corporation (SNC), defendant, the United States, and defendant-intervenor Hawker Beechcraft Defense Company, LLC (HBDC) regarding the administrative record (AR) in this case.  This agreement governs documents that the United States claims are protected from disclosure by the attorney-client or work product privilege (Privileged Material), but may be inadvertently included in the sizable AR in this case.

WHEREAS, the United States will file the AR in this case pursuant to Appendix C of the Rules of the United States Court of Federal Claims (RCFC).  The AR will include a large number of documents and Electronically Stored Information that are stored and maintained with

other documents that contain a substantial amount of Privileged Material.  In compiling the AR, the United States has taken reasonable steps to prevent the inadvertent inclusion of Privileged Material in the AR, including reviewing each of the approximately 10,000 pages in the AR to determine whether Privileged Material was incorrectly included in it.

WHEREAS, the parties acknowledge that, despite the United States' best efforts to conduct a thorough pre-filing review, some Privileged Material may be incorrectly included in the AR, particularly in light of the large size of the AR and the expedited schedule governing this bid protest.

WHEREAS, the parties desire to establish a mechanism to avoid waiver of privilege as a result of the inadvertent inclusion, and thus disclosure, of Privileged Material, they have stipulated that the following clauses shall govern the AR in this case.

WHEREAS, the parties have moved this Court for the entry of this agreement as an Order of the Court governing the AR in this case, the terms of which are set forth in this Order, and good cause therefore having been shown, now therefore it is ORDERED as follows:

1.  If the United States discovers that it has incorrectly included Privileged Material in the AR, it will notify the parties in writing that Privileged Material, identified by Bates number(s), has been incorrectly included in the AR, and specify the privilege(s) asserted.  Within five (5) business days of receiving such written notification, the parties shall (a) destroy all electronic or paper copies of the Privileged Material in their possession or control; and, (b) make reasonable efforts to delete the Privileged Material from any database or other medium in their possession or control in which the Privileged Material is electronically stored.  Within five (5) business days of

the destruction of all copies of the Privileged Material in their possession or control, the parties will provide a written certification confirming such destruction to the United States.

2. If a party other than the United States discovers that the AR improperly contains one or more documents that appear to contain Privileged Material, that party will promptly notify the other parties in writing, and will identify the document(s) by Bates number(s). If the United States notifies the other parties in writing that the documents contain Privileged Material, the parties will take the steps described in Paragraph 1 above regarding the Privileged Material.

3. In connection with the AR filed by the Government, and consistent with FRE 502(b), the inadvertent disclosure of any document that is subject to a legitimate claim that it should not have been included in the AR shall not waive any privilege for that document or for the subject matter of the inadvertently disclosed document in the present case or any other Federal or state proceeding.

4. The plaintiff and/or defendant-intervenor and their agents shall not use, copy, transfer, or distribute any information acquired from the Privileged Material.

5. Any Privileged Material inadvertently disclosed by the United States shall be and remain the property of the United States.

6. This agreement is intended to be consistent with FRE 502 and is not to be construed to expand or diminish any party's rights or obligations as therein described.

7.  This agreement does not alter or modify in any way the protective order entered by this Court on June 15, 2012

SO ORDERED on this _____ day of _____, 2012.

_____
JUDGE